IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-14-69-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JOHN MYRICK, | |
| Defendant. | |

### I. Synopsis

Mr. Myrick was accused of violating his conditions of supervised release by failing to report to the probation office within seventy-two hours of his release from imprisonment. He admitted to the violation. Mr. Myrick's supervised release should be revoked. He should be sentenced to six months of custody, with twenty-four months of supervised release to follow.

### II. Status

1

On January 8, 2016, United States District Judge Brian Morris sentenced Mr. Myrick to forty-six months custody, with three years of supervised release to follow, after Mr. Myrick pled guilty to Robbery. (Doc. 40).

On December 14, 2017, a Petition for Warrant for Offender Under Supervision was filed, alleging Mr. Myrick violated the conditions of his supervised release by failing to attend substance abuse testing, using methamphetamine and marijuana, consuming alcohol, absconding and failure to obey the Probation Office. (Doc. 42). On January 11, 2018, the Probation Office filed an amended petition alleging Mr. Myrick failed to attend substance abuse testing, used methamphetamine and consumed alcohol. (Doc. 48). Mr. Myrick was sentenced to three months in custody, with thirty-three months of supervised release to follow. (Doc. 50).

**Petition**

On April 5, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Myrick's supervised release. The petition alleged Mr. Myrick was released from prison on March 28, 2018, and that he was required to report to the United States Probation Office within seventy-two hours of release. As of the time of the writing of the petition, Mr. Myrick had not contacted any United States Probation Office in the District of Montana, and his whereabouts

were unknown; he had absconded supervision. (Doc. 52). Based on the petition, Judge Morris issued a warrant for Mr. Myrick's arrest. (Doc. 53).

**Initial appearance**

Mr. Myrick appeared before the undersigned on May 31, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Myrick said he had read the petition and understood the allegations. Mr. Myrick waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Myrick admitted that he violated the condition of his supervised release as set forth in the petition. The violation is serious and warrants revocation of Mr. Myrick's supervised release.

Mr. Myrick's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes argued for a lenient sentence, stating that the failure to report was the result of a miscommunication between Mr. Myrick and the prison he was released from in Nevada, and that there were mitigating circumstances. Mr. Myrick addressed the Court and stated that he did not realize he had to contact the Probation Office in Billings, Montana, as he thought he was supposed to be released to Poplar, Montana. Mr. Starnes argued for a mid-guideline sentence of six months, with supervised release to follow, noting that Mr. Myrick absconded for approximately one month, and should have tried to contact someone.

### III.  Analysis

Mr. Myrick's supervised release should be revoked because he violated its conditions as outlined above. Mr. Myrick should be sentenced to six months of custody, with twenty-four months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but is not greater than necessary.

### IV.  Conclusion

Mr. Myrick was advised that the above sentence would be recommended to Judge Morris. The undersigned reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Myrick's objection, if it is filed

within the allotted time, before making a final determination on whether to revoke Mr. Myrick's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> John Myrick violated the conditions of his supervised release by failing to report to the probation office within seventy-two hours of his release from imprisonment.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Myrick's supervised release and committing Mr. Myrick to the custody of the United States Bureau of Prisons for six months, with twenty-four months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 4th day of June, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge